18   330
60   362

AUGUSTUS W. WHEELER

v.

GENEVIEVE A. WHEELER.

DIVORCE—TEMPORARY ALIMONY.—It is not a matter of right under all circumstances for the wife who has commenced a suit for divorce to require the court to direct an allowance to be paid to her by the defendant for the purpose of defraying the expenses of the suit, or for alimony during its pendency.    The court is of opinion that a sound legal discretion was not exer-

cised by the court in this case in making the orders for temporary alimony and solicitors' fees.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding. Opinion filed February 17, 1886.

This was a bill in chancery, filed by appellee, the wife, against appellant, January 24, 1885, for a divorce upon the grounds of extreme and repeated cruelty and adultery on the part of defendant, the husband. The bill was not supported by the oath of the complainant and expressly waived the oath of defendant to the answer. The defendant filed his answer January 31, 1885, specifically denying the several charges in the bill, to which replication was filed February 26, 1885. The court, upon application of the complainant and notice to defendant, made an order that defendant forthwith pay to complainant as temporary alimony for her and her minor daughter, up to March 2, 1885, the sum of $300, and also that he pay her until the further order of the court, the sum of $200 per month for the support of complainant and said daughter, payable on the second and seventeenth days of each month in advance, commencing on the 2d day of March, 1885, and that he pay to her solicitors the sum of $250 on account of solicitors' fees. July 2, 1885, on motion of complainant's solicitor, the court ordered that defendant pay to complainant the sum of $200 as special alimony, within ten days from that date. July 22, 1885, on motion of complainant's solicitors, the court entered an order to the effect that said order of July 2, 1885, requiring defendant to pay $200 within ten days of that date, be amended so as to provide that the said allowance shall be taken into consideration by the court on account of any allowance that may hereafter be applied for and allowed for solicitors' fees and otherwise. From said two last mentioned orders the defendant appealed to this court.

It does not appear from the record that the court below made any inquiry into the cause or circumstances of the separation of the parties, or that there was any proof tending to

show a probable cause for the suit; and it appears that the defendant denied under oath the several charges set out in the bill.

Messrs. DUPEE, JUDAH & WILLARD, for appellant; that the allowance was unreasonable and excessive, cited Ressor v. Ressor, 82 Ill. 442; Foss v. Foss, 100 Ill. 576; Welletts v. Willetts, 104 Ill. 122.

Mr. MELVILLE W. FULLER, for appellee; that the allowance of alimony and its amount are in the discretion of the court, and its orders in that regard will not be reversed except in case of a palpable abuse of discretion, cited Bergen v. Bergen, 22 Ill. 187; Foote v. Foote, 22 Ill. 425; Parker v. Parker, 61 Ill. 369; Daily v. Daily, 64 Ill. 329; Foss v. Foss, 100 Ill. 576.

McALLISTER, J. By section 15 of the Divorce Act, it is provided: " In all cases of divorce the court may require the husband to pay to the wife, or pay into court for her use during the pendency of the suit, such sum or sums of money as may enable her to maintain or defend the suit, and in every suit for a divorce the wife, *when it is just and equitable*, shall be entitled to alimony during the pendency of the suit."

It is not a matter of right, under all circumstances, for the wife who has commenced a suit for a divorce to require the court to direct an allowance to be paid to her by the defendant, for the purpose of defraying the expenses of the suit or for alimony during its pendency. The legislature has left the allowance of both to the sound discretion of the court before which the suit is instituted.

We are of opinion that a sound legal discretion was not exercised in making the several orders in question. The charges in the bill were specifically denied by the defendant upon his oath, and the court instituted no inquiry into the circumstances or causes of the separation of the parties, or required any proof whatever that there was probable cause for bringing the suit. Worden v. Worden, 3 Edw. Ch. 408; Jones v. Jones, 2 Barb. Ch. 146; Carpenter v. Carpenter, 19 How. Pr. R.

Wheeler v. Wheeler.

539. In Jenkins v. Jenkins, 91 Ill. 167, a general rule was announced as follows: "Where a bill is pending for divorce and the wife is without means to prosecute her suit, *and it appears to the court that complainant has a probable ground for divorce*, it has always been regarded proper for the court to enter [an order requiring the defendant to pay solicitors' fees."

As to the temporary alimony, the condition upon which the statute authorizes it to be allowed is, that it is just and equitable that it should be allowed. To hold that the mere filing by the wife of a bill for a divorce, and a showing of facilities or pecuniary means of the husband sufficient to justify large and frequent allowances, as in this case, is all that is required, would be to give the most direct encouragement to vain and extravagant wives of husbands possessed of means, to resort to bills of divorce without any just or probable cause, and thus rupture family relations which might otherwise have been preserved unbroken.

The total absence of any evidence of probable cause for this suit, the large amounts applied for, the frequency of the applications, as well as the objects for which they were made, tend to raise a strong suspicion of want of good faith in bringing the suit. The appellee invoked the summary power of the court to raise money for the purpose of paying a special assessment upon her own separate property, to defend herself in a slander suit, with which her husband was in no wise connected, and to carry out plans for visiting the White mountains and seashore, under the pretense that it was necessary to the health of the daughter. We say *pretense* because it was conclusively shown that the daughter, being afflicted with heart, and spinal affections, both the White mountains and seashore resorts were the very places she should avoid; that quiet places in the rural districts of this and the State of Wisconsin, where she could live at a comparatively moderate expense, would be far more beneficial for the invalid daughter, if not for the mother.

For the reasons stated the two orders appealed from will be reversed and the cause remanded.

Orders reversed.