# WILLIAM S. LANE
## v.
# MAUD B. LANE.

*Divorce—Solicitor's Fees and Alimony—Order Pendente Lite.*

1.   This court will not interfere with an order in divorce proceedings allowing solicitor's fees and alimony *pendente lite,* unless it is very clearly shown that there has been an abuse of discretion.

2.   While in making such orders the court will always be governed by the condition in life of the parties, the property of the husband, the necessities of the wife and children and their condition of health, it is not necessary that it shall be shown that the husband has property or money when the order is made, to justify it.

[Opinion filed May 18, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. C. M. HARDY, for appellant.

Mr. WILLIAM B. BRADFORD, for appellee.

MORAN, J.   Appellee filed a bill for divorce charging habitual drunkenness and extreme and repeated cruelty against appellant, and praying for the custody of the child.   She alleged that appellant could, "if he would, earn a good living for himself, wife and child, and is able to furnish support for them and provide for them if so disposed," and that she is without means.   A petition for temporary alimony and suit money was filed, and upon the hearing thereof on affidavits, on the one part showing appellant's ability and on the other his absolute lack of money and property, the chancellor made an order that appellant pay appellee $50 for solicitor's fees in thirty days, and $5 a week in advance as alimony *pendente lite.* From said order this appeal is prosecuted, and it is urged

Lane v. Lane.

that, under the proof made by appellant in the affidavit filed in his behalf, he was wholly without money or property, and the making of such order was an abuse of judicial discretion. There is a conflict in the evidence as found in the affidavits on the question of appellant's ability to earn means of support for his wife and child, and it appears from the record that several of the affiants, as well as appellant and appellee, were examined before the court in a proceeding in this case for the custody of the child, which resulted in the court's ordering it into the custody of appellee. The chancellor had thus an opportunity of judging, to some extent at least, as to the fairness and truthfulness of some of the affiants from their appearance and manner of testifying before him, in a matter arising in the same controversy, and may have been enabled from such experience to more correctly weigh statements appearing in the affidavits of the same witnesses. The making of such orders as the one here appealed from, is largely in the discretion of the Circuit Court, and such discretion is subject to review. The Supreme Court has said that an appellate tribunal is authorized to reverse only where the difference in judgment between the Appellate Court and the Circuit Court is strong and decided. Foote v. Foote, 22 Ill. 425. That was said in a case where the court were asked to review a decree for permanent alimony, and we think the rule as to reversal announced may well restrain an Appellate Court from interfering with the *pendente lite* order unless it is very clearly shown that there has been an abuse of the discretion lodged in the court of original jurisdiction.

While such order is appealable it is in its nature purely interlocutory. The allowance is but temporary and is subject to modification, and its enforcement is under the control of the court. It is not to be assumed that the court would punish for contempt when the showing was clear that the defendant was really unable to perform. Appeals from such orders only tend to embarrass the administration of this branch of jurisdiction, and to defeat the exercise of the power vested in the court by the statute, which was given to provide a support for the wife and children while the unhappy litigation is in

progress.   While, in making such orders, the court will always be governed by the condition in life of the parties, the property of the husband, the necessities of the wife and children, and their condition of health, and all such circumstances, yet it is not necessary that it shall be shown that the husband has property or money at the time the order is made to justify making it.  He may be able to pay something toward the support of his wife and child, even though he should not on the day the order is entered have money.  In Parker v. Parker, 61 Ill. 369, the Supreme Court said:  " It can not be that the court would have no power to decree alimony in money simply because the defendant has no productive property, as seems to be contended by counsel, or even if he was destitute of property.  Mere want of means does not release a father from the duty of supporting his helpless infant children, or contributing to the support of a wife who is divorced for his unmanly abuse and cruelty."  We should be very loth to hold that the order of a court, requiring a husband to perform a duty which the law imposes upon him, was an abuse of judicial discretion, and could interfere with such an order only where it was affirmatively and clearly shown to be erroneous upon consideration of all circumstances contained in the record.

No sufficient reason is shown for disturbing the order appealed from, and the same will be affirmed.

*Affirmed.*