Burgess v. Burgess.

### Richard T. Burgess
### v.
### Ida M. Burgess.

*Divorce—Alimony* Pendente Lite—*Discretion—Solicitor's Fees—Error without Prejudice—Rules of Court.*

1.   The allowance of temporary alimony and solicitor's fees in divorce cases is discretionary with the chancellor.   Where grounds are shown authorizing his action, this court will interfere only where the difference in judgment is strong and decided.

2.   Probable cause for the suit, the wife's necessity and the husband's ability, are the controlling considerations in determining whether alimony *pendente lite* and suit money will be allowed.

3.   The merits of the controversy between the parties can not be determined on a motion for temporary alimony.

4.   This court will not reverse an order for temporary alimony and solicitor's fees on the ground that affidavits were read in violation of the rules of the court below, if it appears that such affidavits were not material to the issue presented by the motion.

[Opinion filed March 28, 1888.]

Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

Messrs. EDWARD H. MORRIS and FORREST O. MURDOCK, for appellant.

Mr. MAURICE BAUMANN, for appellee.

MORAN, P. J. This is an appeal from an order made by the court below in a divorce case for temporary alimony, and for solicitor's fees. We are of opinion that complainant in her petition for alimony, and by the affidavits which were properly filed in support of it, sufficiently established probable cause for the suit.

This case is in this respect unlike Wheeler v. Wheeler, 18 Ill. App. 330, cited by counsel for appellant. There the bill was not sworn to, and the answer was, and it did not appear that any affidavits or any evidence in any form was heard, from which the court could find probable cause. Orders of the kind here appealed from, are discretionary with the chancellor, and where grounds are shown by the complainant which authorize his action, they will be reversed only where the difference in judgment between the chancellor and this court is strong and decided. Lane v. Lane, 22 Ill. App. 529. The merits of the controversy between the parties can not be determined on the motion for alimony. Whether in fact a decree ought to be granted can only be properly determined on the final hearing. Probable cause for the suit, the wife's necessity, and the husband's ability, are the controlling considerations in determining whether alimony *pendente lite* and suit money will be allowed.

Here it appears that complainant is sick and is without means of support, and defendant admits that he has about $600 on deposit in the bank, and is earning $50 per month. It very clearly appears from the evidence that complainant and defendant had a quarrel and that defendant struck her so as to leave marks upon her. Whether there was such extreme and repeated cruelty as would justify a divorce is the main question of dispute between the parties, and that, as we have already said, must be determined by the final hearing.

Counsel for appellant contends that the court erred in allowing certain affidavits to be read on the hearing of the motion,

which were not filed and copies of which were not served upon appellant or his solicitor, as required by chancery rule 3, of the Circuit Court of Cook County. We agree with counsel that the rule of court was violated in allowing said affidavits to be read, and if the affidavits contained matter pertinent to the true inquiry before the court and could be regarded as affecting the result, we might feel compelled to reverse the order for this error. Such rules of court are laws to the court and can not be disregarded, or set aside, except in the manner provided by the rules themselves. But, on examining the affidavits of the reading of which the complaint is made, we find them all to relate to the merits of the main controversy between the parties. They contain only evidence going to show that defendant was in fact guilty of extreme and repeated cruelty. They were, therefore, not material to the questions which the court was called upon to decide on this motion, and must be treated as having no weight in determining those questions.

Complainant's right to alimony was made out entirely without regard to anything in those affidavits contained, and if the court had undertaken on these and other affidavits in the case to decide the merits of the controversy between the parties, it would have been error against complainant.

Therefore, though the court erred in allowing the affidavits to be read, such error will not reverse. It did not injure appellant as he could not be properly called on to answer evidence of the nature contained in said affidavits on this motion.

We find no error which authorizes a reversal, and the decree of the Circuit Court will, therefore, be affirmed.

*Decree affirmed.*