AUGUST ZOELLNER

v.

LOUISE ZOELLNER.

*Divorce—Separate   Maintenance—Temporary   Allowance—Attorneys'
Fees.*

Upon the facts presented, this court declines to interfere with an order
entered in an action for separate maintenance awarding a temporary allow-
ance for support of the wife, and a sum for solicitors' fees.

[Opinion filed March 10, 1890.]

APPEAL from the Superior Court of Cook County; the
Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. RUBENS & MOTT, for appellant.

Messrs. FURTHMANN & FITCH, for appellee.

" We are not aware that it has ever been regarded as a pre-
requisite to obtaining a decree for alimony or solicitors' fees,
pending a divorce suit, that the complainant should establish
to the satisfaction of the court that she was entitled to a
decree for divorce. Where a bill is pending for divorce and the
wife is without means to prosecute her suit, and it appears to

Zoellner v. Zoellner.

the court that the complainant had a probable ground for divorce, it has always been regarded proper for the court to enter an order requiring the defendant to pay solicitors' fees." Jenkins v. Jenkins, 91 Ill. 168, citing Bishop on Marriage and Divorce, Vol. 2, Sec. 398.

We may add, in passing, that in the case last cited the court, on the hearing of the appeal (the allowance being for solicitors' fees in attending to complainant's case in the Supreme Court), held the evidence insufficient to sustain a decree for divorce. "Yet," the court says, "the facts before the court were, doubtless, sufficient to authorize the court to require the payment of solicitors' fees to enable complainant to present her case fairly in court."

To the same effect as the Jenkins case, *supra*, are the following cases: Brown v. Brown, 18 Ill. App. 446; Johnson v. Johnson, 20 Ill. App. 495; Wooley v. Wooley, 24 Ill. App. 433. In Wooley v. Wooley, *supra*, after laying down the rule that probable ground for a divorce is all that a complainant is required to show, the court say:

"This probable ground for a divorce was shown upon the hearing of the motion, by the affidavit of appellee herself, and the affidavits of several other persons who were intimate with the family, and well acquainted with the relations that had existed for a long space of time between her and her husband and their conduct toward each other. The fact that a large number of counter-affidavits were filed does not necessarily show the order for alimony was improperly made. The court could not assume, upon a preliminary motion and upon *ex parte* and contradictory affidavits, to determine the issues made upon the bills and answers." Similar language is used in Umlauf v. Umlauf, 22 Ill. App. 583.

The case of Wheeler v. Wheeler, 18 Ill. App. 333, cited by counsel, does not, in any manner, conflict with the above decisions. On the contrary, it cites and approves the Jenkins case *supra*, and reverses an order for alimony because there was a "total absence of any evidence of probable cause for the suit."

There is still another principle which counsel's broad state-

ment of the law does not contain, and which may be material on this hearing, viz:

" That the making of such orders as the one here appealed from is left to the discretion of the court in which the suit is pending, subject to review; but the appellate tribunal is authorized to reverse only where the difference in judgment between the Appellate Court and the trial court is strong and decided." Foote v. Foote, 22 Ill. 425; Foss v. Foss, 100 Ill. 580; Dooley v. Dooley, 19 Ill. App. 391; Umlauf v. Umlauf, 22 Ill. App. 583.

And we may add here that the Appellate Court of the Second District, in Dooley v. Dooley, *supra*, and this court in Lane v. Lane, 22 Ill. App. 530, construes the language above quoted to mean that an appellate court will not interfere with a *pendente lite* order unless it is very clearly shown that there has been an abuse of the discretion lodged in the court of original jurisdiction.

GARY, P. J. It would be of no benefit to anybody to put in a permanent form, before the public, the petty details of this ill-matched union of an old man and a young wife.

She sues for a separate maintenance. *Pendente lite*, the court awarded her a very moderate temporary allowance for her own support and a small sum for solicitors' fees. From that order this appeal was taken.

Whether her suit will be successful or not can not be, with any certainty, predicted at its present stage. She has the legal right to prosecute it, and as she has no property and he has considerable, he must pay, reasonably, to enable her to present her claims. As was said by this court in Lane v. Lane, 22 Ill. App. 529, this court "could interfere with such an order only where it was affirmatively and clearly shown to be erroneous upon consideration of all circumstances contained in the record." No such case is shown by this record, and the order is therefore affirmed.

*Order affirmed.*