## MARION DAVIS
### v.
## MIRIAM DAVIS.

*Divorce—Impotency of Wife—Alimony* Pendente Lite—*Solicitor's Fees —Practice—Discretion of Trial Judge.*

Upon a bill filed for a divorce upon the ground of the alleged impotency of the wife, this court declines to interfere with an order that complainant pay, by a day named, a certain sum to defendant's solicitor.

### [Opinion filed May 24, 1890.]

IN ERROR to the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. FRANK R. HENDERSON, for plaintiff in error.

Mr. JOHN T. LILLARD, for defendant in error.

PLEASANTS, P. J. The record shows that these parties were married on October 21, 1880, in the State of Indiana, where the defendant in error still resides. On the 6th of August, 1888, plaintiff filed the bill herein for divorce, alleging that at the time of said marriage she was and still is naturally and incurably impotent, a copy of which, with notice of the pendency of the suit, was served upon her pursuant to the statute. On the 11th of September, 1888, she filed her answer, denying the charge; and on the 17th of the same month her petition for alimony *pendente lite* and an allowance for solicitors' fees and other costs and expenses of her defense. This petition, sworn to, states that she is wholly without means of support or of making her defense in a foreign State, and that complainant is a robust man, well able to earn and does earn enough to furnish her with the means necessary therefor. To which he answered, under oath, that she has a comfortable home with her father, who is able and willing to sup-

port her, and is also able to furnish her all means necessary for defending this suit, but refuses to do so, because she has no just ground of defense; that respondent left to her all "their household property," worth $400, and what other property he had after paying his debts there, amounting to $100, in consideration of which she released him from all claim for alimony; that he has no property of any kind; that since he came to this State he has worked out as a farm hand when his health permitted, and that it has taken all he could earn to support and care for himself and to pay his necessary expenses and the debts he owed. She then filed a further affidavit, reaffirming the statements of fact in her answer and petition, and adding that the defect she has is curable, as she is informed by her physician; that she has engaged him to operate upon and cure the same, and will, in a very short time, be entirely cured; that her husband lived with her seven years after the marriage, and that she would have been long since cured if he had aided her to get proper treatment or she had been able to pay for it.

It was stipulated that the court might decide the question of her allowance upon the pleadings, including the replication and the affidavits mentioned, without other evidence; and, thereupon, after argument heard, an order was entered that complainant pay to defendant's solicitor $25, by a day specified. To reverse that order he prosecuted this writ of error.

On this petition the merits of the principal case were not in issue, and the allowance in question was largely in the discretion of the court. Foss v. Foss, 100 Ill. 576, and cases there cited; Burgess v. Burgess, 25 Ill. App. 526; Becker v. Becker, 15 Id. 247. Unless that discretion is very clearly shown to have been abused, its exercise will not be interfered with. Ibid.

It was incumbent on the petitioner to make a reasonable showing of her need and of his ability to respond to it. She did not institute the suit, but was made defendant by her husband, who had left her more than a year before, in another State, where he married her, and where, it will be presumed, the cause alleged was as sufficient as it is here. She made a

*prima facie* case, at least for an allowance for account of solicitors' fees and costs and expenses of her defense. His own answer shows that though she is comfortably supported, she depends upon her father for it, and that he refuses to furnish her the means required to meet these expenses. Her need is thus admitted, unless the claim is sufficiently met and overcome by his statement of what he left her. That does not show that the "household property" referred to or any part of it was ever his, nor of what it consisted, nor what, if any of it is still under her control. For aught he says her father may have furnished a considerable part, if not the whole of it. She may have returned it to him in consideration of the support she receives. Its value is probably not under-estimated. Household property of persons in their apparent condition, after seven years use, would bring but little of its cost. It may be as necessary to her as are the means of defending this suit, and equity in that case would not require her to dispose of it in order to procure them. So of the other property, which he estimates at $100. More than a year had elapsed since she got it. What it was, whether it was convertible, what occasion she had to consume it or otherwise dispose of it—these are matters that do not appear. If it be said it was for her to make them appear, we consider who brought the suit, and where, her remoteness from her counsel and probable lack of advice as to what was necessary or proper for her to show, more than she has shown. As to some of these matters he was fully as able as she to inform the court, and under the circumstances it did not become him to rely on implication from his own silence, merely to shift the burden of proof, leaving the court still ignorant of material facts which he might have disclosed. We can not clearly disapprove of the finding from the evidence that she really had need of some allowance.

It does not appear that he is able to pay much. Nor was he ordered to pay much. Nothing was allowed for alimony *pendente lite* or other expenses or costs, but only a trifling amount for solicitors' fees. If he is able to prosecute the suit and this writ of error at his own expense, he could not well

deny, nor does he in fact deny his ability to pay this amount.

The jurat to the petition and additional affidavit of the defendant purports to be signed by a justice of the peace of Jay county, Indiana, and counsel insist, because his official character is not further shown, that notwithstanding it was stipulated that these might be considered by the court on the hearing of the petition, they are not entitled to be received as evidence. The point does not appear to have been made below, and if it had been, we think it should have been over-ruled under the stipulation.

It is further claimed that the petition in the case is a cross-bill; and that inasmuch as it does not waive the oath to the answer, and the answer is made under oath, and no formal replication thereto was filed, the answer must be taken as true. No authority is cited in support of this proposition, and we apprehend none can be. In fact, however, the additional affidavit, or whatever it may be called, was filed after the answer to the petition, and it re-affirms the averment of the petition as well as of her answer to the bill. That might do for a replication, if one in form were required. With reference to this petition, we regard all these papers, including the pleadings in the principal case, as affidavits in evidence in support of, and opposition to the petition or motion for the allowance.

The circumstances of this case are in no particular like those in Wheeler v. Wheeler, 18 Ill. App. 330. There is here at least some showing in favor of the defendant in error upon all the points required to justify the order made, and we see in that order no abuse of discretion.

*Order affirmed.*