JOHN T. LIND
v.
HILMA M. LIND.

*Divorce—Temporary Alimony—Practice.*

1. This court will only interfere with orders granting temporary alimony in divorce cases, when the same are clearly shown to have been erroneous.

2. Upon an appeal from an order awarding temporary alimony in such cases, the merits can not be gone into.

Lind v. Lind.

[Opinion filed June 30, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. CAMERON & HUGHES, for appellant.

Messrs. CASE, HUDD & HOGAN, for appellee.

GARY, P. J. Appeals to this court from orders awarding temporary alimony in divorce suits, especially when the husband is the complainant, generally have the effect only of increasing his expenses, and ought not to be prosecuted unless it is clear that a very serious mistake has been made. Lane v. Lane, 22 Ill. App. 529, has been followed here several times, and there is no good reason to depart from the rule there stated, that this court will only interfere with such an order when it is clearly shown to be erroneous.

The brief on behalf of the appellant makes the point that the appellee did not deny, in her original answer, the adultery charged upon her. By amendment that denial is explicit, and whether the omission in the original answer, which went into a lengthy explanation of the manner in which, as she alleged, a state of circumstances exciting suspicion was brought about by a conspiracy to which the appellant was a party, was by accident or design, does not appear. The merits can not be gone into at this stage of the case. Burgess v. Burgess, 25 Ill. App. 525. The appellant prosecutes against his wife a suit for a divorce; he must furnish her the means of support and defense while it is pending.

The order is affirmed.

*Order affirmed.*