### John Miles v. Thea Miles.

1.  DIVORCE—*Allowances for Solicitor's Fees Are for the Benefit of the Wife.*—In suits for divorce and separate maintenance a decree for a solicitor's fee requiring the payment of it to be made to the wife or to her solicitor is erroneous. The statute is not for the benefit of the solicitor, but for the wife; and the order should have directed the payment to her.

**Bill for Divorce.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in this court at the October term, 1901. Affirmed in part and reversed in part, with directions. Opinion filed May 22, 1902.

GEORGE W. WILBUR, attorney for appellant.

J. JULIUS NEIGER, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellant filed his bill for a divorce from appellee, charging her with extreme and repeated cruelty. She answered, denying the charges, and filed her cross-bill for a separate maintenance from appellant on the same charges. He answered denying the charge against him. A trial of the case resulted in a decree dismissing his bill and sustaining the cross-bill, which awarded appellee $30 per month as alimony and the right to occupy their home rent free; also a solicitor's fee of $200. Appellant appealed to this court and the decree was affirmed. (See opinion No. 10052 of this court, filed March 31, 1902, not reported.) Pending that appeal the appellee was allowed, by order of the chancellor, and appellant was directed on May 17, 1900, to pay to her $30 per month as alimony during the appeal, the first installment to be paid immediately, and the further sum of $200 as a solicitor's fee in her defense in said appeal, " the same to be paid to the complainant or to her solicitor " on or before May 31, 1901. From this order appellant has taken this appeal.

Appellant's counsel contends that there is no evidence to sustain the order of the court, that the record shows appellee is amply provided for, and that the allowance for solicitor's fees is premature and exorbitant.

The chancellor, as he had the right to do, considered the record on the original hearing. It was also shown by her affidavit that at the time of this application appellee had no money with which to support herself and pay for the necessities of life; that she was then in debt for groceries and meat $7, and could not pay the same, and that her only income was from two boarders who each paid her $5 per week for room and board; also that the last money she had received from appellant was $5 on April 29, 1901. The only answer made by appellant to this showing is that Clara Miles, their daughter, who resided with appellee, was employed and earning $40 per month, and that appellee's income from her said two boarders, with the amount she

should receive from Clara, considering the fact that she had the use of their room, was ample to pay all her necessary expenses.

On the appeal from the original decree we affirmed a similar allowance. We need not repeat what was there said. It is common experience that but a slight profit could be made by appellee from her boarders. There is no showing that she received anything from her daughter Clara, nor does it appear that she could require it as a right. Appellant does not show that his ability to pay is any less than it was at the time of the original hearing and we therefore think, the whole record considered, including that on the original hearing, the allowance of $30 made to appellee was proper.

Nor was the allowance for solicitor's fees premature. The statute (Hurd's, Ch. 40, Sec. 15) contemplates an allowance to the wife in such cases in advance, in order to enable her to make her defense on appeal. The chancellor, having heard the case, has a sufficient general knowledge of the issues presented, the situation and ability of the appellant, the expenses and the labor necessary to be performed in a court of review, to enable him to fix a reasonable amount in most cases. In the nature of things, under the statute, no certain basis is attainable for such allowances, and they must, in the main, be made in advance of the expenses incurred and the rendition of services by a solicitor. Anderson v. Steger, 173 Ill. 112–19; Lynch v. Lynch, 99 Ill. App. 454, and cases cited.

In this case, having already considered the record, abstract and briefs on the original appeal, we know the reality (which the chancellor did not know) as to the necessary services of the solicitor on that appeal. We are of opinion the allowance as to solicitor's fees is too large. We think it should be $125. The order is also erroneous in requiring the payment to be made to complainant or to her solicitor. The statute is not for the benefit of the solicitor, but for the wife; and the order should have been to pay to appellee. Anderson case, *supra.*

The order as to alimony of $30 per month is affirmed, but as to the solicitor's fees it is reversed, and the Circuit Court is directed to enter an order requiring the appellant to pay to the appellee $125 for her expenses on the original appeal in this court.    Appellee will pay all costs in this court. Affirmed in part and reversed in part, with directions.