## Conrad' Czarra v. Babette Czarra.

Gen. No. 12,734.

1. SOLICITOR'S FEES—*marriage relation not essential to allowance of.* A divorced wife is entitled to an allowance of solicitor's fees incurred in seeking to compel the payment of alimony decreed to her by the order of divorcement.

Divorce proceeding. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 8, 1906.

J. S. DUDLEY, for appellant.

FREDERICK A. BROWN, for appellee; ELMER E. LEDBETTER, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The appellee, August 19, 1903, obtained a divorce from the appellant for extreme and repeated cruelty. In the decree of divorce it was provided, among other things, that the appellant should pay appellee $65 a month, as and for permanent alimony, said sum to be due and payable upon the 14th day of each and every month thereafter.

On January 17, 1905, on a rule previously made, there was an order entered which committed the appellant to jail for contempt of court in not paying arrears of $260 of the decreed alimony. From this order of commitment Conrad Czarra appealed to this court, and on March 1, 1906, this judgment order was affirmed by us. Czarra v. Czarra, 124 Ill. App. 622.

On January 17, 1905, another rule was obtained requiring appellant to show cause why he should not be found in contempt of court for failure to pay certain other instalments of said alimony. The appellant filed substantially the same answer as to the pre-

ceding rule, and on February 15, 1905, it was heard on substantially the same record. The court then entered an order finding that the respondent was in arrears of alimony in the sum of $130; that he had failed to show cause why the same should not be paid, and that he was in contempt. The order provided that he be committed to jail until he paid the sum of $130 into court for the use of complainant, or until released by due process of law. The order also contained the following clause: "On motion of complainant's solicitors, solicitors' fees of $50 are hereby allowed complainant and ordered to be paid at this time."

From this order the appellant appealed to this court, and contends: First, that the position of the appellee through her misconduct as shown by the record, is such that the court should not have committed appellant for contempt at her motion and instance. Second, that the record shows that appellant was not in contempt; that his failure to comply with the decree of the court was not due to obstinacy or wilfulness, but was involuntary and because of pecuniary inability; thirdly, that the order of commitment is void for indefiniteness and uncertainty; and, fourthly, that the part of the order requiring the appellant to pay his divorced wife's solicitors' fees for services rendered after a final and unappealed decree of divorce, and not affecting the marriage relation, is erroneous (a) because it is not authorized by the common law or by statute; and (b) because it was entered without a showing of appellee's inability otherwise to maintain or defend her suit.

The first three of these contentions must be considered as disposed of adversely to appellant by our decision in the appeal from the order of January 17, 1905, before noted. This leaves for disposition only the question raised by the appellant on the final clause of the order of February 15, 1905, requiring the pay-

ment by him of $50 solicitors' fees to the complainant. On this point a vigorous argument is made by appellant's counsel, that it is the existence of the marriage relation alone which gives, either at common law or under our statute, the right to a court to require a defendant to provide means to the complainant to litigate, and that as in this case the marriage relation was ended by the decree of August 19, 1903, no such right existed on February 15, 1904.

In support of this contention he urges the reasoning of various opinions in cases where allowances were made and refused.

But we are not disposed to refine too closely in this matter. There seems to us nothing, as counsel argue that there is, inherently inconsistent with justice and fairness in the allowance against a delinquent debtor for alimony of the necessary expenses for prosecuting the right which the statute and the court have given his former wife.

On the other hand, we can see that it would often defeat the whole object of the alimony statute to deny to the divorced wife the means of compelling such an allowance.

Among the cases brought to our attention by the respective arguments of counsel, nothing seems to us more in point than Stillman v. Stillman, 99 Ill. 204. If it be within the power of a court under the statute (chapter 40, section 15 of the Revised Statutes) to allow solicitor's fees incurred in resisting a petition of a divorced husband for the reduction of alimony, we see no reason in principle or under the terms of the statute why it should not be so allowable in the case of the prosecution by the divorced wife of her right to enforce alimony.

The further point is made, however, that if allowable at all under the statute, such solicitor's fees are only allowable on proofs of the complainant's need, and that it was error in this case to order the payment

without such proof. It is true that the power and discretion of the court might be so abused by an order making such an allowance, without proof of complainant's inability, that we should feel justified in interfering, but we do not think this is such a case, or that the taking of evidence on the matter is jurisdictional. The Superior Court had formerly had these parties before it, in a matter to which this proceeding was purely ancillary. It was acquainted with their circumstances. If the relative pecuniary situation of the parties was such that this allowance was an abuse of discretion and of statutory power at the time it was made, it should have been made so to appear affirmatively by the defendant. We do not think it did so appear.

The judgment of the Superior Court is affirmed.

*Affirmed.*