Sylvia R. Gerson, formerly Sylvia R. Mathes, Appellee, v. Sam A. Mathes, Appellant.

Gen. No. 33,116.

608

Opinion filed May 20, 1929.

SIDNEY NEUMAN, for appellant; W. CLYDE JONES, JR., of counsel.

FRANK B. TEED, for appellee; MARLOW J. MADDEN, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Sylvia R. Mathes brought suit for divorce against her husband, Sam A. Mathes, in the circuit court of Cook county. On August 28, 1925, a decree was entered in her favor. The marriage was dissolved and the care, custody and control of the minor children of the parties were given to the defendant father with right of visitation by the complainant mother. Said decree further provided:

"It is also ordered, adjudged and decreed that the said defendant be and he is hereby released and discharged from the payment of any alimony or solicitor's fees to the complainant herein, and that no costs be taxed against the said defendant."

Thereafter, on June 13, 1927, upon petition of the mother, the court entered an order which in part provided:

"It is ordered that the complainant have the care, custody and control of the two minor children of the parties hereto, without interference on the part of the defendant, from the 25th day of July, 1927, until the 25th day of August, 1927, and that said complainant shall have the privilege of taking said children to the State of New York or the vicinity thereof, and that complainant return said children on the aforesaid date.

"It is further ordered that complainant advise the defendant, at least once a week, during the aforesaid period, as to the whereabouts of the said children,

"It is further ordered that the question of an allowance to the complainant for solicitor's fees in prosecuting this petition be and it hereby is continued for hearing, to the 24th day of June, 1927."

The father, Sam A. Mathes, prayed an appeal from this order to this court, which was allowed. This court affirmed the order—248 Ill. App. 643. On September 6, 1927, thereafter, the complainant mother filed a petition, setting up these proceedings, this order and defendant's appeal therefrom. She represented that she was without means of her own to defend the appeal; that in order to defend the appeal properly it was necessary to employ counsel, which she was unable to do, because she was without means of her own. The petition prayed that an order might be entered requiring defendant to pay complainant the necessary solicitor's fees and costs to defend said appeal.

The defendant father demurred to the petition, and on November 17, 1927, the court entered a *nunc pro tunc* order as of October 7, 1927, sustaining the demurrer and denying the prayer of the petition. On January 26, 1928, another order was entered overruling the demurrer of the defendant and requiring him to plead or answer. He filed an answer, in substance denying that his former wife was without means and averring that she was precluded from claiming payment of solicitor's fees by the divorce decree formerly entered. The answer averred that she was remarried to one Gerson, a man of financial ability, who was obligated to support her. The answer denied that there was any obligation, either legal or moral, requiring defendant to pay legal expenses and solicitor's fees of complainant.

On June 1, 1928, the chancellor entered a decree finding the facts with reference to the legal proceedings as hereinbefore set forth; that the father was well able to contribute to the complainant to enable her to defend his appeal; that a reasonable allowance

under the circumstances was $500, which it was adjudged the defendant pay within ten days. This appeal is prosecuted from said order.

It is contended in behalf of the husband that an order for solicitor's fees is based primarily on the relation of husband and wife; that the decree of divorce severed that relationship and that therefore there is no basis upon which such an order may rest; that the common law does not authorize a court to compel a husband to pay his divorced wife solicitor's fees for services rendered after a final decree of divorce which is unappealed from has been entered. The power and authority to make such an order rest upon section 15 of the Divorce Act, Cahill's St. ch. 40, ¶ 16, which presupposes the existence of the marriage relation and the dependence of the wife upon the husband but does not authorize that the allowance of solicitor's fees for services be rendered in connection with an appeal from an order which does not affect the marital relation.

In *Smith v. Smith*, 249 Ill. App. 633 (334 Ill. 370), the question of whether a court of chancery had power to enter an order compelling a divorced husband to pay solicitor's fees towards defraying the expense of a wife who had petitioned to have the alimony allowed to her by the decree increased, was considered. There the chancellor entered a decree increasing the alimony but disallowing the solicitor's fees. The defendant husband appealed and the wife assigned cross-errors. We repeat here what was said in that opinion upon this subject:

"That there has been conflicting language in the opinions of courts of review of this state in passing upon the question may be conceded. However, it is settled that in the absence of specific statutory authority a court may not require one party to pay the solicitor's fees of another. Section 15 of the Divorce act makes such specific provision for the wife in suits

for divorce. This is not a suit for divorce. That suit was terminated by the original decree, and the status of husband and wife was severed by that decree which stands unmodified. Both on principle and authority, we think solicitor's fees should not be allowed. *Lake v. Lake,* 194 N. Y. 179; *Lehmann v. Lehmann,* 225 Ill. App. 513; *McQuien v. McQuien,* 61 How. Pr. (N. Y.) 280. See also 19 Corpus Juris 228. However, allowance of counsel fees to a complainant for resisting a motion to reduce her alimony was approved in *Stillman v. Stillman,* 99 Ill. 196, without the citation of authority, and following that decision in *Czarra v. Czarra,* 128 Ill. App. 430, the Appellate court approved of an order allowing solicitor's fees to a complainant prosecuting a contempt proceeding for failure of the defendant to pay alimony. In *Gehlbach v. Gehlbach,* 219 Ill. App. 503, allowance of solicitor's fees to a complainant prosecuting a petition to modify the original decree for alimony by increasing the amount was reversed because of lack of proof that the fees were reasonable, customary and usual, the court intimating on the authority of *Stillman v. Stillman, supra,* and *Czarra v. Czarra, supra,* that the order would have otherwise been upheld. However, the interests of minor children were involved in that case, which distinguishes it from the case before us. *Thomas v. Thomas,* 233 Ill. App. 488, is also distinguishable upon the same ground. At any rate we are not disposed to hold under all the facts which appear in this case, that the court abused its discretion in this respect."

One of the judges of this court specially concurred, stating that he did not agree with all that was said in the opinion of the court.

It may (as the foregoing review of the cases discloses) be regarded as an open question in this State whether an allowance for solicitor's fees may be made

to a divorced wife in such case. However divergent the views of this court may be upon that subject, we are agreed that the facts of this case do not bring it within the provisions of section 15 of the Divorce Act, which authorize orders for payment of solicitor's fees. The petition of the mother asking for the temporary custody of her children was primarily for her own pleasure rather than in their interest. The petition was not filed upon the theory that the interest of the children required the order. Its prayer was for the benefit and pleasure of the wife. We are agreed that section 15 of the statute, under the most liberal interpretation of it possible, does not justify this order. The interest of the divorced mother rather than the interest of the children of the divorced parents is involved in this proceeding, and the reasons urged upon us for a liberal construction of the statute cannot prevail.

For the reasons indicated the decree is reversed.

*Reversed.*

O'CONNOR, P. J., and McSURELY, J., concur.