Edward Gerst, Appellant, v. Pearl Gerst, Appellee.

Gen. Nos. 45,848, 45,985.

Opinion filed February 2, 1953. Released for publication February 20, 1953.

DIRECTOR, LIEBENSON & SHEPPARD, of Chicago, for appellant; HAROLD A. LIEBENSON, of Chicago, of counsel.

No appearance for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Edward Gerst and Pearl Gerst were married at Chicago on July 25, 1937. One child, Michael Richard Gerst, now seven years of age, was born of the marriage. On June 17, 1947, Edward Gerst filed a complaint for divorce in the superior court of Cook county charging extreme and repeated cruelty. The wife, Pearl Gerst, had been adjudged insane and was then an inmate of the Chicago State Hospital. A guardian *ad litem* was appointed to represent her. On January 30, 1948, the court entered a decree dissolving the bonds of matrimony between the parties and directing that plaintiff pay to defendant as alimony the sum of $25 per week until the further order of the court. It was further decreed that plaintiff ''have the sole care, custody, control and education of said child, Michael Richard Gerst, but in the event of the defendant's restoration to sanity, she reserves the right to apply to the court for custody of the said minor child.''

In November and December 1951, defendant filed petitions setting forth that she obtained an ''absolute discharge'' and was ''fully restored'' on October 19, 1950, and ''has a fine home'' in Chicago; that plaintiff remarried on or about March 3, 1948; that he departed ''to parts unknown,'' taking their child with him without leave of court or notice to her; that she ''finally'' ascertained that plaintiff and Michael were living in Minneapolis, Minnesota; that he failed to comply with the decree; that he was in arrears in alimony up to and including November 18, 1951, in the sum of $4,263.15; and that plaintiff and his wife filed a petition in a court in Minnesota to adopt Michael. She prayed judgment against him for the arrears in alimony, that he be punished for contempt of court because of his willful refusal to comply with the decree, that the decree be modified by awarding the care, custody, control and education of Michael to her, that he be ordered to pay her such sum as the court may deem reasonable for the

support of the child, that he be ordered to return the child to the jurisdiction of the court, and that he be required to pay her a reasonable sum for the services of her attorney. Plaintiff filed answers denying the allegations. On March 18, 1952, the court entered a judgment for defendant and against plaintiff for $4,263.15 for arrears in alimony to and including November 18, 1951; ordered plaintiff to pay $1,500 for attorney's fees; and ordered that a writ of attachment issue, returnable forthwith, directing the sheriff to produce the body of plaintiff before the court to abide whatever orders may be entered for his willful failure and refusal to comply with the decree. In a separate order entered the same day the court modified the decree by awarding the care, custody, control, and education of Michael to defendant, directing plaintiff to pay her $17 per week for the support of the child and to return Michael to the jurisdiction of the court and to defendant. Plaintiff has appealed from and asks reversal of that part of the orders granting the care and custody of Michael to defendant.

 The paramount consideration in determining to whom the custody of a child shall be awarded after a divorce is the welfare and best interests of the child. Where a suit is instituted in a court of chancery relative to the person or property of an infant, he is treated as the ward of the court and under its special protection. *Swiney v. Womack,* 343 Ill. 278; *Harms v. Harms,* 323 Ill. App. 154, 159; and *Szewczyk v. Szewczyk,* 320 Ill. App. 562, 567. There was no hearing on the merits of defendant's petition to change the custody of the child. Plaintiff was not permitted to introduce testimony bearing on the dispute as to the proper person to have the care and custody of the child. As the child is treated as a ward of the court, it is the duty of the court to hear testimony in order to ascertain whether a change in the custody should be made.

The chancellor committed reversible error in declining to hear the witnesses tendered by plaintiff on the issue of custody.

Subsequent to the appeal from the order awarding the custody of Michael to defendant, she filed a petition stating that she is "financially unable to pay for the preparation and defense of the appeal" taken by plaintiff, and asked that plaintiff be required to pay her a reasonable sum for her attorney's fees and printing costs in supporting the decree in the Appellate Court. Plaintiff answered. The court ordered that he pay defendant's attorney within ten days the sum of $500 for his services and for stenographic and printing costs in defending the appeal. Plaintiff appealed from this order. The appeals were consolidated for hearing. Plaintiff, citing numerous cases, maintains that the court did not have power to enter the order for the payment of attorney's fees and other expenses in defending the appeal. In *Gerson v. Mathes,* 252 Ill. App. 607, the court said that a mother who petitioned for the temporary custody of her children primarily for her own pleasure rather than in their interest was not entitled under section 15 of the Divorce Act (par. 16, ch. 40, Ill. Rev. Stat. 1951) [Jones Ill. Stats. Ann. 109.183] to an order for the payment by the father of a fee to her solicitor to defend an appeal by the father from an order awarding custody to her. The court noted that the interest of the divorced mother rather than the interest of the children was involved and said (612) that "the reasons urged upon us for a liberal construction of the statute cannot prevail." In *Williams v. Williams,* 320 Ill. App. 354, the court said (357):

"The circuit court allowed Mrs. Williams four hundred dollars attorney's fees for services rendered by her attorneys in this suit, and on an appeal in an earlier phase of this case where an accounting was

205

demanded by Williams and successfully resisted by Mrs. Williams, Williams contends that this allowance was improper and cites *Gerson v. Mathes*, 252 Ill. App. 607. In that case an allowance of attorney's fees was denied because the petition there filed sought to change the custody of the children involved, not for their welfare, but for the convenience of the parties. In this case, the welfare of the children is directly in issue and their interests were involved in the earlier suit for an accounting. We believe the allowance in this case was proper.''

At the time the original decree was entered defendant was a patient in a hospital for the mentally ill. The decree provided that in the event of her recovery she would have the right to apply to the court for the custody of Michael. We are of the opinion that the order granting an allowance to defendant for her attorney's fees, stenographic and printing costs in defending the appeal was proper under the circumstances presented. The attorneys for defendant filed a motion to dismiss the appeals because of failure to file a cost bond. This motion was not entertained because plaintiff filed a cost bond subsequent to the making of the motion. Defendant's attorneys also moved to dismiss the appeals. The motion was denied. They then moved that their motion to dismiss the appeals, with supporting documents, stand as appellee's brief. This motion was denied. Defendant did not file a brief. In *Whipple v. Whipple*, 145 Ill. App. 228, under similar circumstances the court suggested that it would be conscionable for the chancellor to make such further order as the law may permit and the rights of the parties require ''for it is evident that appellee has not assumed the burden or incurred the liability which the $95 allowance was made to enable her to discharge.'' In *Miles v. Miles*, 102 Ill. App. 130, the court said that under the statute allow-

ances in defending appeals must in the main be made in advance of the expenses incurred and the rendition of the services. The court then pointed out that having considered the record, "we know the reality (which the chancellor did not know) as to the necessary services of the solicitor on that appeal," and suggested a reduction of the allowance.

The chancellor, anticipating the expense to be incurred in defending the appeal from the first order, directed that plaintiff pay her $500 to recompense her for attorney's fees and stenographic and printing costs in defending that appeal. As indicated in the statement of facts, the defendant did not file any briefs. We are of the opinion that $200 is adequate compensation for the services in the first appeal.

For the reasons stated the parts of the orders of the superior court of Cook county entered March 18, 1952, from which plaintiff appealed (Case 45848) are reversed and the cause is remanded with directions to proceed in a manner consistent with the views expressed, and the order of October 7, 1952 (Case 45985) is modified to reduce the payment provided therein for attorney's fees from $500 to $200, and as modified is affirmed.

*Parts of orders of March 18, 1952, in Case 45848 reversed and cause remanded with directions, and order of October 7, 1952, in Case 45985 modified and affirmed as modified.*

FRIEND, P. J. and NIEMEYER, J., concur.