**Dolores Johnson, Plaintiff-Appellant, v. Axel Johnson, Defendant-Appellee.**

**Gen. No. 52,782.**

First District, Fourth Division.

February 5, 1969.

Kenart M. Rahn, of Chicago, for appellant.

Sydney B. Wexler and Morris J. Wexler, of Chicago, for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from a judgment granting the petition of defendant (husband of the plaintiff) for leave to remove the three minor children of the parties from Illinois, and from a subsequent denial of the wife's motion to vacate the aforesaid judgment, to award her attorney's fees and for other relief.

CONTENTIONS ON APPEAL

(1) The granting of husband's motion to take the children out of Illinois violates the Separate Maintenance Act, Ill Rev Stats 1967, c 68, § 22.1.

(2) The judgment allowing removal of the children is not supported by any evidence that the removal is in the best interests of the minor children.

(3) The court abused its discretion in failing to require defendant to furnish bond to guarantee the return of the children to the jurisdiction of the court in the event the best interests of the children required return.

(4) The court erred in refusing a hearing on plaintiff's petition for a change of custody.

(5) The court abused its discretion in refusing to permit plaintiff to present evidence in connection with attorney's fees incurred in connection with the removal petition and a prior appeal.

Pleadings

On April 27, 1967, the husband filed a petition seeking an order allowing the minor children to accompany him for residence in Florida at the termination of the school year in June 1967. The petition alleged that at the time of the entry of the judgment appealed from the parties were the parents of three minor children: Douglas, age 16; Hans, age 13; and Stephen, age 12. It referred to a

decree of separate maintenance entered July 9, 1965, by which custody of the minor children was awarded to the husband, and granted certain visitation rights to the wife. The decree also provided that the wife have custody of a daughter, Blanche, now of age; provided for the payment to the wife of $75 per week as separate maintenance; made provision for the support of Blanche; and provided that the "removal of the three minor boys from this state shall be solely on a temporary basis and then only for the purpose of accompanying or being with one or the other of the parents." The petition further stated that there were excellent business opportunities available to defendant in Florida and that the best interests of the children would be served if they were permitted to accompany him there.

The wife answered denying that the best interests of the children would be served if they were permitted to accompany the husband to Florida. She also alleged that the granting of husband's petition would deprive the wife of the visitation rights afforded her by the decree of separate maintenance.

On June 28, 1967, the court granted defendant leave to remove the children to Florida and on August 25 denied the motion of plaintiff to vacate that order and also denied plaintiff's petition for change of custody and attorney's fees. Plaintiff appealed from both judgments.

THE EVIDENCE

Testimony of Axel Johnson, defendant

He is in the construction business; his income for 1966 was $20,300; he has done only some minor jobs in 1967; he has had some bids outstanding but none had culminated in contracts. He looked for employment with other contractors around Chicago without success.

He received two offers for jobs in Florida; one, a firm commitment from Mr. Spicer, president of DeWitt, Pernell & Spicer, at $18,000 plus fringe benefits; the other,

from Miles-Jones Construction Co. at a rate of $20,000–22,000 as a project manager.

His home at 10505 Longwood Drive, valued at about $65,000, has been foreclosed because he could not meet mortgage payments. The bank has sold the house and notified him to move out in June or pay rent.

If he moves to Florida he will establish residence in his father's home where there is a guesthouse. The oldest boy would enroll in Dunedin High School, and the two younger boys would enter Dunedin Elementary School. He would soon seek permanent residence; he would live in his father's house only temporarily.

The witness considered the offer of DeWitt, Pernell & Spicer to be a firm offer. The letter he received does contain some possibly equivocal language: "We, of course, would want to meet with you personally and have an opportunity to investigate you further. . . . We have also scheduled an interview with Hartes & Associates, Industrial Psychologists." The offer from Miles-Jones was not in writing; it was a verbal offer and he considers it binding.

His employment would be from 9:00 to 5:00. The boys would leave for school about 8:00 a. m. and return about 4:00 p. m.; his mother, a woman of 70, will take care of the boys until he returns home.

Testimony of the Minor Children (as reported by the judge who talked to them privately in chambers with the consent of plaintiff's attorney):

Douglas: Wants to be an architect; is doing fairly well in school; wants to go to Florida. He gets along very well with his father; and (after a pause) "I guess all right" when asked the same question about his mother.

Hans: Wants to be a contractor; gets along well with his father, and "not too bad" with his mother; likes the idea of going to Florida.

Stephen: Wants to be a psychiatrist or a lawyer; gets along fine with both father and mother.

Testimony of Mrs. Anna Johnson, mother of defendant

She described her home in Florida as an old Spanish house of stucco surface with four bedrooms. There is a garage in connection with it and a small guesthouse. The guesthouse has one bedroom with twin beds, a living room in which there is a sofa that can be made into twin beds, a kitchen, and a bathroom with full facilities. She believes that the guesthouse can easily accommodate four people.

She is in excellent health; she has not been in a hospital in 25 years. She last saw a doctor two years ago for a general physical checkup.

Testimony of Dolores Johnson, plaintiff

If the court allows husband to take the children to Florida she will not be able to afford the trips to Florida to exercise visitation rights.

The mortgage on the home was cosigned by her and the money was used by husband and his father for stock purchases. She never got any of that money. She receives alimony of $75 a week. She is not working now; the daughter (Blanche) is not working either because she has stomach trouble. She has always refused to let husband sell the 59th Street property or to sell the house on Longwood Drive, even with foreclosure imminent.

OPINION

 The wife first argues that the granting of permission to the husband to take the children to Florida violates the provisions of the Separate Maintenance Act. The relevant provision of the Act, Ill Rev Stats 1967, c 68, § 22.1, reads:

> The court may grant leave, before or after decree, to any party having custody of the minor child or children to remove such child or children from

Illinois whenever such removal is in the best interests of such child or children.

We find no merit in this argument. The discretion given by this statute to the courts is limited only by "the best interests of such child . . . ."

The wife then contends that the record is devoid of evidence that removal would be in the best interests of the children. In the original separate maintenance action it was found that it was in the best interests of the children to live with the father rather than the mother; there is no support in the record for the wife's contention that the father was awarded custody solely on the basis of pictures of the house which the father had occupied. The trial judge in discussing his finding stated:

> This is an extremely difficult decision. We have a situation where the father has legal custody of these three boys, and they are not infants, sixteen, thirteen and twelve. They are certainly well-adjusted boys, and I have had a chat as the record will indicate with these kids. Certainly these boys are enthusiastic about going south, but there is an explanation for that too.
>
> There is no question in my mind, but what that the father is having some financial problems here. From what I gathered from the evidence and from what evidence that has been before me would indicate that the father definitely feels that he has an opportunity to stabilize his financial situation. Carrying the present load, he has got two families that he has to support, and these boys are rapidly reaching the age where college is right around the corner. So he has to produce, and he feels that he has an opportunity down there to stabilize his financial situation. I feel, considering the picture as a whole, I have been sitting here listening very carefully, I think it is the best

interest of these children that they be moved with the father. But I do think that very liberal visitation rights ought to be set up for the mother.

I think also there should be arrangements made for child support while these children are with the mother, and I would suggest that you try to hammer out these details between yourselves, because, if you can't, I will step in and I will do it. I do think this mother ought to be given liberal visitation rights, and with that I would suggest that you confer between yourselves to find out if you are going to run into a problem.

On June 28, 1967, the court granted defendant permission to remove the three minor children to Florida with visitation rights to plaintiff (1) six weeks during summer vacation, (2) seven days during Christmas holidays and (3) seven days during the Easter-Spring vacation period; the defendant to pay transportation expenses and $25 per week for each child while residing with plaintiff.

The trial judge after a careful study of all factors determined that a removal to Florida was for the best interests of the children. We find no abuse of discretion in his finding.

The wife further contends that the trial court abused its discretion when it did not require the husband to furnish bond to guarantee the return of the children to the jurisdiction of the court in the event the best interests of the children requires return.

Ill Rev Stats 1967, c 68, § 22.1, in relevant part provides:

When such removal is permitted the Court may require the party removing such . . . children from Illinois to give reasonable security guaranteeing the return of such . . . children should the Court decide that return is in the best interest of such . . . children.

It is explicit in its pronouncement that the trial court "may" require such a bond; it is clear that such requirement is completely in the discretion of the trial court. As such, this court will not upset the trial court's decision where no request therefor was made by plaintiff or any evidence adduced that defendant would not abide by the court's orders.

■ Plaintiff next argues that when visitation rights are substantially decreased it is such a change of condition that, as a matter of law, it entitles the plaintiff to present evidence in support of her petition for a modification of a prior order granting custody of the children to the husband. After a full hearing the court had previously determined that the order of removal was in the best interests of the children even though plaintiff's visiting privileges were modified. We find that this order does not, ipso facto, establish a base for a change in custody. It may be that conditions could arise from the change in residence which would justify the filing of a new petition for a change of custody. See Gerst v. Gerst, 349 Ill App 201, 110 NE2d 470.

■ In her petition to vacate the judgment plaintiff also requested attorney's fees. Although the judgment of June 28, 1967, reserved the question of plaintiff's attorney's fees, the court in its hearing on August 25 stated that plaintiff's former attorney had told the court that he would not request attorney fees. Defendant's counsel corroborated the judge's statement but plaintiff stated "that was without my permission." The record does not show any waiver of attorney's fees. Under these circumstances the court should have granted a hearing to determine whether or not there was a waiver and if not, to fix reasonable attorney's fees.

The judgment of June 28, 1967, is affirmed. The judgment of August 25, 1967, denying the motion to vacate the judgment of June 28, 1967, for a change of custody and other relief is affirmed. The judgment of Au-

gust 25, 1967, denying the petition for attorney's fees is reversed and the cause remanded for a hearing thereon.

Affirmed in part, reversed and remanded in part.

McCORMICK and ENGLISH, JJ., concur.